### ELIZA KOHLHEPP *vs.* INHABITANTS OF WEST ROXBURY.

Norfolk.    Jan. 26. — Sept. 8, 1876.    ENDICOTT & DEVENS, JJ., absent.

Under the St. of 1868, *c.* 223, authorizing a town to take land for the purposes of sewerage, and requiring that a description of the land taken for the purposes of the act, "as certain as is required in a common conveyance of land," shall be filed in the registry of deeds for the county in which the lands are situated, the identity of the land taken may be proved by parol evidence; and it is no objection to the sufficiency of the description that it refers to a plan; or that the plan is referred to as recorded in the registry of deeds, when in fact the plan was filed in the registry at the same time with the written description, and was not recorded; or that such plan is in sections, if the entire plan is intelligible and can be identified.

Where land is taken by a town for purposes of sewerage, under a statute requiring a description of the lands taken, "as certain as is required in a common conveyance of land," to be filed in the registry of deeds for the county in which the lands are situated, the question whether the description of the land, by words and by reference to a plan, is sufficient to identify the land taken with reasonable certainty, is a question of fact.

TORT for breaking and entering the plaintiff's close, digging a ditch through it, and turning the water of Stony Brook through the same.

At the trial in the Superior Court, before *Allen*, J., it was admitted that the acts which constituted the alleged trespass were done by certain commissioners appointed by the town of West Roxbury to improve Stony Brook and its tributaries for the purposes of sewerage, under the provisions of the Sts. of 1868, *c.* 223, and 1870, *c.* 220, after the filing by the commissioners, in the registry of deeds for the county of Norfolk, the paper and plan or plans hereinafter mentioned. It appeared that the close was the property of the plaintiff, and that her husband, Frederick Kohlhepp, owned a tract adjoining, the whole, upon the plan mentioned, being marked as belonging to him. The defendant, in justification of the alleged trespass, contended that the close had been taken by the town for widening Stony Brook, under the acts above mentioned, and put in evidence the following paper, which was recorded on January 12, 1871, in the registry of deeds for Norfolk County:

"Know all men by these presents, that whereas the town of West Roxbury, at a meeting duly held on the twenty-fifth day of June, 1870, in pursuance of the provisions of chapter 220 of

the acts of 1870, appointed the undersigned, Theodore B. Moses, William J. R. Evans, and Robert M. Morse, Jr., commissioners to improve Stony Brook and its tributaries, and authorized said commissioners to exercise all of the powers granted to said town by chapter 223 of the acts of the year 1868, and to perform all the duties therein imposed on the selectmen of said town.

" Now, therefore, the undersigned hereby declare that in the capacity of commissioners as aforesaid, and under the authority and for the purposes stated in said chapter 223 of the acts of the year 1868, and in the name and behalf of said town of West Roxbury, they did, on the ninth day of January, A. D. 1871, take a certain piece of land believed to belong to Frederick Kohlhepp, and bounded and described as follows, to wit: beginning at the southerly corner of the premises herein described, and thence running northerly eighty-three and five tenths feet; then turning and running northeasterly sixty-three feet; then turning and running northwesterly thirty-one and two tenths feet; then turning and running southwesterly sixty-three and five tenths feet; then turning and running southerly seventy-nine feet; and then turning and running southeasterly thirty-three feet to the point of beginning. Containing four thousand three hundred and thirty-five square feet, the same being shown on a plan made by Theodore B. Moses, and recorded with Norfolk Deeds, lib. ——, fol. ——, and they further declare that said land was taken, pursuant to the provisions of chapter 223 of the acts of the year 1868.

" In witness whereof, they have hereto set their hands, this ninth day of January, 1871.

> " T. B. Moses,
> " Wm. J. R. Evans, } Commissioners."
> " R. M. Morse, Jr.,

The defendant also produced a roll of ten plans, numbered 1 to 10 respectively. On the face of the plan No. 1 were the words, " Plan of lands taken by the town of West Roxbury to widen and straighten Stony Brook. October 1st, 1870, scale 20 ft: T. B. Moses, Surveyor." On the face of each plan were the words, " ' October 1st, 1870, scale 20 ft. T. B. Moses, Surveyor.' Received and filed January 12, 1871. J. Foord, Register." On the back of plan No. 2 was the following indorse

ment, in the handwriting of the register of deeds for said county: " 190, town of West Roxbury, lands taken to widen Stony Brook, 10 plans."

It was agreed that, if it was competent, the defendant could prove that these plans were those intended to be referred to by the commissioners in their statement, and that they show a continuous line of the channel of Stony Brook in West Roxbury, from the Boston boundary line through and beyond the plaintiff's close.

It was admitted that at the date of the statement there was no plan on file or recorded in the registry, corresponding to the plan called for in said statement, and that since that date no such plan has been recorded in any book in the registry, but all the plans hereinbefore referred to were left with the register at the same time with said statement, and have ever since remained in the registry, and the defendant could prove, if it was competent, that the reason that the plans were not recorded or bound in any book was that, in the opinion of the register, they were too bulky.

The plaintiff contended that the statement of the commissioners was not sufficient to show that the close had been lawfully taken under the acts for the purposes therein named; that it was not competent for the defendant to prove that a plan not actually recorded or filed in some book in the registry, at the date of the statement, was the plan intended to be referred to therein; that parol evidence was not admissible to show either what plan was intended to be referred to, or what land was in fact intended to be taken; and that, even if some one of, or all said plans considered as one plan, could be treated as a part of the statement, still the statement, with one or with all the plans, was insufficient to show that the land had been lawfully taken under said acts.

The plaintiff offered to prove, by a competent civil engineer acquainted with land surveying, that, from the statement and all of the plans, the land claimed to have been taken could not be located and defined upon the ground. The defendant objected to the admission of this evidence, and the judge excluded it.

The judge thereupon, with the consent of the parties, withdrew the case from the jury and reported the questions of law

arising upon the evidence for the determination of this court. If the evidence offered by the defendant was competent and sufficient to prove that the land was lawfully taken under said acts, judgment was to be entered for the defendant, unless the judge erred in excluding the evidence offered by the plaintiff. If the evidence was not sufficient to prove that the land was so lawfully taken, or if the judge erred in excluding the evidence offered by the plaintiff, the case was to stand for trial.

*C. G. Keyes*, for the plaintiff.

*R. M. Morse, Jr.*, for the defendant.

LORD, ·J.   The St. of 1868, *c.* 223, requires that the town, upon taking land for the purposes of the act, shall, within sixty days of the taking, file in the office of the registry of deeds for the county in which the lands are situate, a description of the land so taken, "as certain as is required in a common conveyance of land." It does not follow that the description is not sufficiently certain, because it is in part words and in part a drawing or plan. Nor is it an objection to such plan that it is in sections, if the entire plan is intelligible and may be identified. Nor is it an objection that the written description refers to " a plan recorded with Norfolk deeds, lib.      , fol.      ," though writing and plan are simultaneously filed as part of the same description. The question is of identity, which it is competent to prove by evidence. That is a question of fact.

The only other question raised is, whether the description of the land by words and plans is a sufficient description. And this, too, is a question of fact. The court cannot say, as matter of law, whether the description does or does not define the land which was taken. The question to be decided is, can one familiar with the land and the monuments upon and about it, by the courses, distances, monuments and other means of identification therein given, apply the description, as filed in the registry, to the land of the plaintiff entered upon by the defendant, with such reasonable certainty as to show the limits of the taking. If so, this is all which the statute demands, and this is a question of evidence and not of law, and the case must

*Stand for trial.*